**Mri ZAGORJANI, Pal Zagorjani, Petitioners,**

**v.**

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 04–4560AG(L).

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Aleksander Milch, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edward G. Kohler, Edmond E. Chang, Carole J. Ryczek, Assistant United States

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mri Zagorjani and Pal Zagorjani, through counsel, petition for review of the BIA decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision directly where, as here, the BIA summarily adopted or affirmed that decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ denied Zagorjani's asylum claim because she failed to prove by clear and convincing evidence that her asylum claim was filed within one year of entry in the United States. While the parties' argue over this Court's jurisdiction to review the one-year bar determination, *see* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D), we need not reach the issue because the IJ denied asylum on the alternative ground that Zagorjani failed to testify credibly as to past persecution or a well-founded fear of future persecution. This credibility finding also undermined Zagorjani's claim for withholding of removal because it made her unable to establish that she was more likely than not to be persecuted.

The IJ made an adverse credibility finding and determined that Zagorjani failed to prove that she was eligible for relief. Specifically, the IJ found that Zagorjani's testimony and supporting documents were not consistent regarding the following: 1) the date of the alleged sexual assault; 2) the reasons she was released from detention; 3) personal membership in the Democratic Party in Albania. The IJ correctly noted that Zagorjani was inconsistent regarding these aspects of her claim.

■ The IJ also found that Zagorjani failed to corroborate her claims through documentary evidence. To the extent this lack of corroborating evidence pertained to medical records, the IJ did not specifically address Zagorjani's explanation for why she did not submit this evidence. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003); *see also Abankwah v. INS,* 185 F.3d 18, 26 (2d Cir.1999) (explaining that genuine refugees cannot always be expected to be "armed with affidavits" and documentary evidence in support of their asylum claim). No matter. The inconsistencies in Zagorjani's testimony go directly to the heart of her claim that she was persecuted on account of her political opinion. Thus, whether or not she adequately explained her inability to produce corroborating medical evidence, the inconsistencies in Zagorjani's testimony are so overwhelming that there is no realistic possibility of a reversal of the adverse credibility finding on remand.

*See Cao He Lin v. Gonzales,* 428 F.3d 391, 395 (2d Cir.2005). Because the IJ's adverse credibility finding is supported by substantial evidence in the record, the denial of asylum and withholding of removal will not be disturbed.

 This Court does not have jurisdiction over Zagorjani's CAT claim because it was not exhausted before the BIA. In *Gill v. INS,* this Court held that the statutory exhaustion doctrine does not "bar consideration of a specific, subsidiary legal argument," as opposed to a "whole new category of relief." 420 F.3d 82, 86 (2d Cir.2005) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). Because Zagorjani's CAT claim is an entire category of relief, and not a "specific, subsidiary legal argument," this Court lacks jurisdiction under 8 U.S.C. § 1252(d)(1) to review the CAT claim.

Accordingly, the petition is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).